PRICE, Judge.
This is an appeal from the judgment of the district court upholding the decision of the Louisiana Board of Review of the Department of Employment Security disqualifying the claimant for unemployment benefits.
Appellant, Harvey Moore, was employed by the Remington Rand Corporation at the Louisiana Ordnance Plant in Webster Parish for a period of one year and eleven months during 1966, 1967 and 1968. On June 10, 1968, appellant made a claim for unemployment benefits and in his application stated that he left his job with the Ordnance Plant sometime during April, 1968, to go to work in Texas. He further stated that his wife became ill, that he came back without finding employment in Texas and applied for reinstatement of employment at the Ordnance Plant. On the basis of the claimant’s statement the agency determined that he was disqualified for unemployment benefits under LSA-R.S. 23 :- 1601(1), on the ground that the claimant left his employment without good cause connected therewith. This claim was reviewed by the Appeals Referee and the agency’s determination was affirmed.
In the claimant’s testimony given before the Appeals Referee he contended that the true reason for his leaving his employment was fear for his health as he was required to work with tetral powder which caused parts of his body to turn a yellow color. The Appeals Referee found that the claimant did not present sufficient evidence to sustain this contention and that the sole reason for his leaving was to find other employment.
The Board of Review concurred in the finding of the Appeals Referee and on judicial review the district court rendered judgment upholding the decision of the Board of Review.
Appellant here contends that the finding of the' Appeals Referee is erroneous and contrary to LSA-R.S. 23:1601(3) (a), which provides in part:
“In determining whether or not any work is suitable for an individual, the administrator shall consider the degree of risk involved to his health * *
It is urged that proper weight was not given to the testimony of the claimant that the work connected with the tetral powder had begun to affect his health.
Under the provisions of LSA-R.S. 23 :- 1634 the findings of fact by the Board of Review, if supported by sufficient evidence, shall be conclusive and the court’s jurisdiction is limited to questions of law alone.
We find the conclusion of the Board of Review that the claimant quit his employment with Remington Rand to seek employment in the State of Texas was amply supported by the evidence in the record. The claimant’s original application for benefits stated this as his sole reason for leaving and no mention was made of a problem with his health caused by conditions of his employment. Claimant admitted no complaint was made to his employer, nor had medical treatment or advice been sought by him. His fear for his health was based solely on what he had heard had happened to others who had worked with tetral powder.
*19 From this evidence the only logical conclusion to draw is that claimant left to seek other employment which does not constitute leaving his employment for good cause and renders him ineligible for unemployment benefits.
For the foregoing reasons the judgment appealed from is affirmed.